[No. 31067. Department One. November 7, 1949.]

GEORGE A. MINDER, *Respondent,* v. DONALD R. ROWLEY, *Defendant,* HARRY M. CASE *et al., Appellants.*[1]

*Torbenson & Baum* and *Richard M. Thatcher,* for appellants.

*Bryan & Merkel,* for respondent.

[1]Reported in 211 P. (2d) 170.

SIMPSON, C. J.—Plaintiff instituted this action to recover judgment in the sum of twenty-one hundred fifty dollars against Donald R. Rowley, and to recover from Harry M. Case and wife, a portion, or all of, the sum just mentioned. The cause against Rowley was based on a promissory note signed by Rowley. The recovery from Case was sought upon a written agreement entitled, "BILL OF SALE, ASSIGNMENT, AND AGREEMENT."

The cause, tried to the court, resulted in the entry of a judgment against Rowley in the sum of twenty-one hundred fifty dollars, together with interest, and attorneys' fees in the sum of one hundred fifty dollars, and a judgment against Case and wife, requiring them to "pay and turn over to the plaintiff the sum of $2128.58, to be credited upon the said judgment against the defendant, Donald R. Rowley."

In their appeal to this court, defendants Case make nine assignments of error which attack the findings made by the trial court, the entry of judgment, denial of a challenge to the sufficiency of the evidence, refusal to allow the answer to be amended, and the denial of a motion for a new trial.

The facts are these: Respondent held Rowley's promissory note, dated February 1, 1948, payable on demand, in the sum of twenty-one hundred fifty dollars. The "BILL OF SALE, ASSIGNMENT AND AGREEMENT" recited that Donald R. Rowley was conducting logging operations in Kitsap county and had been financed by Harry M. Case. George Minder had previously financed Rowley, and held a note in the sum just mentioned. It was further recited that Rowley desired to protect Case and Minder so that the proceeds from the sale of logs should be used to pay the respective claims. The agreement then stated that Rowley "sells, assigns, and transfers" to Case "all his right, title, and interest in and to" certain logs located in Kitsap county, and directed Case to sell the logs and to receive the proceeds from the sale; further, that Case should first deduct from the proceeds of the logs the funds with which to reimburse himself for his advancements to Rowley, which

amounted at that time to seven thousand dollars, and which should not exceed the total sum of ten thousand dollars in the event he should advance additional funds. An additional section provided that, after Case reimbursed himself for the advancements, he would pay to Minder, from the proceeds of the sale of the logs, the amount of the Rowley note, which should be surrendered to Case and marked "paid." The balance from the sale of the logs was to be delivered to Rowley. The written instrument, dated April 22, 1948, was signed by Donald R. Rowley, Harry M. Case, and George A. Minder. It was acknowledged by Rowley and Minder before James W. Bryan, April 22, 1948, and by Case before Richard M. Thatcher, May 3, 1948. It will be observed that the notaries public are the attorneys representing the parties to this action.

As indicated in the contract, Rowley was engaged in logging certain lands in Kitsap county, and had, from time to time, received advances from appellant, totaling the sum of eighty-five hundred dollars. May 4, 1948, appellant took possession of the logs owned by Rowley, which were then in the woods, and altogether advanced the sum of $13,349.19, and received from the sale of the logs, $11,703.58, and an additional amount of four hundred twenty-five dollars from Rowley's bank account, making a total of $12,128.58. Of the amount advanced, eighty-five hundred dollars was handed directly to Rowley; the balance was paid to property owners to take care of the expenses of the deal for stumpage and for labor in getting the logs from the woods into the water.

Appellants take the position that the court erred when, it determined that the word "proceeds" meant *gross* proceeds instead of *net* proceeds. The record indicates that, if the court was incorrect in its interpretation of the term "proceeds," the judgment against appellants would be incorrect.

The contract signed by all parties to this action, and carefully examined by them and their attorneys, provided that the advancements made to Rowley be deducted from the proceeds of the logs.

■ The evidence produced at the trial of this case does not throw light upon the meaning to be given the word "proceeds"; therefore, we must give to it, as did the trial court, its usual meaning.

This conclusion, it is true, leaves appellants in an unenviable position, but the courts cannot aid them. Appellant, Harry M. Case, entered into the contract, and it was not tainted by fraud or misunderstanding, hence he must abide its consequences.

■ The rule which must be applied was stated by Judge Dunbar as follows in *Pease v. Baxter,* 12 Wash. 567, 41 Pac. 899:

"We are convinced that as long as people are privileged under the law to make contracts for themselves, if they are unwise enough to make contracts which are burdensome, the law cannot relieve them. . . .

"They solemnly executed this contract, and in the absence of fraud it is conclusively presumed to speak the minds of the contracting parties. Any other construction would destroy the force and effect of all written obligations and leave everything to the chance of slippery memory, the very thing which a written contract is intended to guard against."

■ The next contention is that advancements were not in reality made by Case; that he did not pay the money to Rowley, but, instead, paid Rowley's obligations in moving the logs into the water. In support of this assignment, appellants cite *Maryland Cas. Co. v. Philbrick & Nicholson,* 147 Wash. 277, 266 Pac. 142, in which the court had before it the question of whether a bank, which had taken assignments of labor claims, would be permitted to make claims against a contractor's bond. In that case, this court held that the taking of the assignments did not amount to an advancement of money to the contractor. The case is not in point. The reason is that, there was no contract to make *advancements.* The bank which purchased the assignments did so by virtue of an agreement to that very thing, and did not agree to advance or furnish any funds to the contractor. Here, Case agreed to make advancements and they were made as provided for, without any words of limitation. This

conclusion brings our views in accord with that of the trial court.

Error is assigned upon the refusal of the court to allow an amendment to the answer proposed during the trial of the case. We have considered the motion and the offer made by appellant, but cannot conclude that the trial court abused its discretion in making its ruling. *Walker v. Sieg*, 23 Wn. (2d) 552, 161 P. (2d) 542.

Finally, error is predicated upon the action of the trial court in refusing to allow admission of certain evidence by which appellants sought to show: (1) circumstances existing at or about the time of the execution of the agreement; (2) an explanation concerning the major items of disbursements made after May 4, 1948; and (3) statements made by respondent subsequent to that date. These offers of proof, to a large extent, sought to change or explain the written contract, and were not admissible.

Other facts which appellants desired to present had to do with evidence already introduced, and its admission or rejection was within the discretion of the superior court. That discretion was not abused.

The judgment is affirmed.

BEALS, SCHWELLENBACH, GRADY, and DONWORTH, JJ., concur.